Delores **RICHARDSON** et al., Plaintiffs,

v.

**COOPERS & LYBRAND**, Defendant.

Civ. A. No. 78–0668.

United States District Court, District of Columbia.

Oct. 27, 1978.

James A. Winstead, Chesapeake, Va., Jerry L. Williams, Jr., Danville, Va., Albert B. Preston, Washington, D. C., for plaintiffs.

Berl Bernhard, Stuart F. Pierson, Paul M. Herbst, Washington, D. C., for defendant.

MEMORANDUM OPINION AND ORDER

GESELL, District Judge.

Plaintiffs Richardson, Hunter, Walker, Gadsden and Tiller have instituted an action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* (1976), against defendant Coopers & Lybrand. Defendant is a partnership engaged primarily in the business of accounting with over 80 offices in the United States. Plaintiffs allege that the defendant has engaged nationwide in employment practices which discriminate against women and blacks. Plaintiffs now move for class certification of their action under Rule 23 of the Federal Rules of Civil Procedure. The parties filed memoranda in support and in opposition to said motion and oral argument has been heard. Substantial light was thrown on the issues by penetrating depositions taken by defendant of the named plaintiffs.

## I.

Plaintiffs seek to represent "all blacks and females who are now employed, were employed, might have been employed or might become employed" by the defendant since July 2, 1965. Plaintiffs are black women who were employed at various times between January 1973 and September 1977 in defendant's Washington, D. C. office. They held lower level jobs in that office's administrative staff, such as bookkeeper, payroll clerk, typist, mag card operator, and file clerk.

## II.

A party moving for class certification bears the burden of showing that it satisfies the requirements of Rule 23(a). *See Cook County College Teachers Union, Local 1600 v. Byrd*, 456 F.2d 882, 885 (7th Cir.), *cert. denied*, 409 U.S. 848, 93 S.Ct. 56, 34 L.Ed.2d 90 (1972); *Demarco v. Edens*, 390 F.2d 836, 845 (2d Cir. 1968). The Court finds that plaintiffs have not met that burden.

■ Insofar as plaintiffs wish to represent any professional employees of defendant, they do not meet the requirements of Rule 23(a)(2), (3) or (4). The recruitment and promotion of defendant's professional staff is conducted differently from the recruitment and promotion of defendant's administrative staff. Plaintiffs have never served in professional capacities and do not possess the minimum qualifications required to serve in such positions. Plaintiffs' situations, therefore, do not and could not present factual characteristics having much in common with any Title VII suit which could be brought by defendant's professionals. More commonality would be necessary for plaintiffs' case to meet the requirements of Rule 23(a)(2) or to be typical of such claims as defendant's professionals might bring. *See Valentino v. United States Postal Service*, 24 F.R.Serv.2d 815, 817–18 (D.D.C.1977); *Pendleton v. Schlesinger*, 73 F.R.D. 506, 509–10 (D.D.C.1977). In addition, by reason of their unfamiliarity with the employment situation of defendant's professionals, plaintiffs cannot be deemed adequate representatives of such

professional discriminatees as may exist. Finally, as their deposition testimony demonstrates, most of the named plaintiffs appear to have little positive interest in ameliorating the employment status of any of defendant's professionals. *See Rowinski v. Vaughn*, 77 F.R.D. 406, 408 (D.D.C.1977).

■ Plaintiffs also attempt to represent white women. This must fail as well. The Supreme Court has stated that, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Texas Motor Freight System, Inc. v. Rodriquez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977). This requirement, even if not interpreted with excessive literal precision, is not met by this case. Too great a disparity lies between plaintiffs' interests and those of any class of white women employees of defendant. For one thing, the depositions appear to show that several of the plaintiffs have one key grievance with defendant which is the mistreatment they allegedly received at the hands of a few of defendant's white women administrative supervisors. Concomitantly, the deposition testimony reveals little more than a lukewarm interest in bettering the employment conditions faced by defendant's white female employees. Also important is the fact that several white non-supervisory female employees filed affidavits with the Court containing strong objections to any representation by plaintiffs. The Court has examined these affidavits, written in what appears to be the affiants' own words, and does not find them to be either compelled or contrived. The existence of these potential conflicts within the putative class clearly indicate that certification of this group for class action purposes would be unwise. *See Arnett v. American National Red Cross*, 78 F.R.D. 73, 75 (D.D.C.1978). Finally, non-certification finds support in the fact that plaintiffs style their suit as one fitting within the rubric of Rule 23(b)(2). Members of a (b)(2) class are bound by whatever result eventuates and have no power (as do (b)(3) class members) to opt out of the suit. *See* Rule 23(c)(2) &

(3); 3B Moore's Federal Practice ¶ 23.60. In sum, the Court finds that plaintiffs have not met the requirements of Rule 23(a)(3) & (4) insofar as they attempt to represent white female employees of defendant.

Plaintiffs wish to represent black male employees of defendant. The Court finds two factors troublesome in this regard. For one thing, plaintiffs have not joined a single black male as a named plaintiff to their complaint. Secondly, the Court does not favor the prospect of one group of attorneys, where there are allegations of both race and sex discrimination, simultaneously representing women and black males who may potentially entertain antagonistic interests. *See Phillips v. Klassen*, 163 U.S.App.D.C. 360, 364, 502 F.2d 362, 366 *cert. denied*, 419 U.S. 996, 95 S.Ct. 309, 42 L.Ed.2d 269 (1974). Defendant has a limited number of administrative staff positions for which these two groups must compete. In fact, one of the named plaintiffs in this case complains about being denied a position later granted a black male. Thus, plaintiffs' interests on the merits of the case may not coincide in important respects with those of defendant's black male employees. Plaintiffs also request that the Court order, as ultimate relief, the implementation of an affirmative action program. Relief of this nature, however, would require some balancing of the respective needs of black males and women. For these reasons, the Court does not feel that plaintiffs' counsel could "adequately represent" black males as well as black females.

The question thus becomes whether plaintiffs may be permitted to represent all of defendant's non-professional black female employees or only those located in defendant's Washington, D. C. office. The Court concludes that plaintiffs have not sufficiently demonstrated that they could adequately represent the nationwide group of defendant's black female non-professional employees. Rule 23(a)(4)'s requirement of adequate representation has roots in the requirements of due process and is thus to be given great weight. *See Hansberry v.*

*Lee*, 311 U.S. 32, 44–45, 61 S.Ct. 115, 85 L.Ed. 22 (1940). The preparation and trial of a nationwide class action, such as the one proposed against this defendant, would probably last several years and prove to be very expensive. Plaintiffs' depositions reveal that their main concerns have primarily a local orientation. Plaintiffs' counsel have also not persuaded the Court that they possess the financial and manpower resources needed to pursue vigorously a national class action against this defendant. *See* 3B Moore's Federal Practice ¶ 23.07(1.–1). Vigorous prosecution of this case would be the responsibility of any person who was charged with adequately protecting the interests of the entire class in question. Finally, plaintiffs were all employees of defendant's Washington, D. C. office. They have no familiarity with any other office of defendant. An understanding of the situation of a few other offices would seem necessary for this suit to proceed with a broader than local focus.

Plaintiffs may, therefore, at most represent a class comprising all black female non-professionals who are working or have been employed or might have been employed or might in the future be employed or apply for employment at defendant's Washington, D. C. office. This class, however, fails for inability to meet the numerosity requirement of Rule 23(a)(1). Plaintiffs have given no indication of the number of additional black women who would have been employed in non-professional non-supervisory positions with defendant but for defendant's allegedly discriminatory policies. As of 1978, defendant employed approximately eleven black women on its Washington, D. C. administrative staff. Plaintiffs, who used to be employed in defendant's local office, must personally know most of these individuals and also several others in the putative class who have since ceased employment with defendant. Finally, the Court will not base a finding of numerosity solely on a hypothetical number of black women who in the future may apply for employment with or be employed by the defendant. Plaintiffs

have therefore not met their burden of showing that the group of persons they wish to represent is so numerous that joinder would be "impracticable."

Plaintiffs' motion for class certification is accordingly denied.

SO ORDERED.