AMERICO ARDUINI, ADMINISTRATOR (ESTATE OF AMERICO ARDUINI, JR.) *v.* AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT (8810)

DUPONT, C. J., FOTI and LAVERY, Js.

---

Argued October 2—decision released December 11, 1990

*David M. Reilly,* with whom was *Robert W. Carangelo,* for the appellant (plaintiff).

*Joseph A. La Bella,* with whom, on the brief, was *Eugene A. Cooney,* for the appellee (defendant).

DUPONT, C. J. The plaintiff appeals from the trial court's denial of class certification pursuant to General Statutes §§ 42-110g and 42-110h.[1] The plaintiff claims

---

[1] General Statutes § 42-110g is a section of chapter 735a entitled Unfair Trade Practices.

Section 42-110g (b) provides: "Persons entitled to bring an action under subsection (a) of this section may, pursuant to rules established by the judges of the superior court, bring a class action on behalf of themselves and other persons similarly situated who are residents of this state or injured in this state to recover damages."

General Statutes § 42-110h provides: "CLASS ACTIONS. As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subsection may be conditional, and it may be amended before decision on the merits. An order issued under this section shall be immediately appealable by either party."

that the trial court abused its discretion in denying class certification under General Statutes § 42-110g when it found that the prerequisites to class certification, as required by Practice Book §§ 87 and 88, were not met. The plaintiff also contends that the trial court abused its discretion in denying his motion to reconsider. We affirm the decision of the trial court.

These facts are relevant to the plaintiff's appeal. On December 23, 1988, the plaintiff's decedent was involved in an accident that led to his death. His estate recovered the available liability coverage from the party at fault and then notified the defendant that the estate intended to claim uninsured motorist benefits under two policies of insurance issued by the defendant to Americo Arduini, Sr., administrator of the decedent's estate.

The defendant, however, refused to pay the claim on the ground that an exclusion provision of the policy, which mirrors the wording of General Statutes § 38-175c (a) (1), applied because at the time of the accident the plaintiff's decedent was in a car owned by the decedent but which, according to the defendant, was underinsured. The exclusion and statute provide in pertinent part that "[n]o insurer shall be required to provide uninsured motorist coverage to . . . any insured occupying an uninsured or underinsured motor vehicle . . . that is owned by such insured." The plaintiff disputed the defendant's assertion that this exclusion was applicable where the underinsured vehicle was not driven by the party at fault and brought suit.[2]

The plaintiff brought his action in four counts. The first two counts essentially claimed breach of contract.

[2] After the filing of the plaintiff's action, the defendant brought a separate declaratory judgment action in order to determine its rights and obligations under policies containing this exclusion. That action was dismissed based on the prior pending action doctrine, and the defendant appealed the dismissal. The defendant subsequently withdrew that appeal.

The third count alleged a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b, and Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38-61 (6) (a). The fourth count alleged a bad faith denial of coverage.

Pursuant to General Statutes §§ 42-110g and 42-110h, the plaintiff moved to certify the third and fourth counts of his complaint as a class action. The plaintiff defined the potential class members as persons who have sustained injury or injuries resulting in death and who have submitted claims as "named insureds," "family members" or "any covered person" under policies containing the exclusion. The plaintiff also sought certification for (1) a class of persons who have sustained injury or injuries resulting in death who do not yet know if the tortfeasor has sufficient insurance, but who would be covered persons under the defendant's policies containing the disputed limitation, and (2) those persons who have not yet been injured but who would be covered persons under a policy issued by the defendant and containing the disputed limitation.

The trial court denied class certification and the plaintiff appealed from that ruling pursuant to General Statutes § 42-110h. The plaintiff thereafter moved for the trial court to reconsider its ruling on the denial of class certification. The court also denied this motion. The plaintiff then filed an amended appeal adding a claim that the trial court abused its discretion in denying his motion for reconsideration.

Before a class can be certified all the prerequisites to a class action set out in Practice Book § 87 must be met. This section provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the

class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." If these threshold requirements are met, the trial court must then consider the case under Practice Book § 88, which provides that "[a]n action may be maintained as a class action if the prerequisites of Sec. 87 are satisfied and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Because these requirements are substantially similar to the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure,[3] we look to federal case law as an aid to our construction of these requirements. See *Board of Trustees* v. *Freedom of Information Commission,* 181 Conn. 544, 553, 436 A.2d 266 (1980); *Success Village Apartments, Inc.* v. *Local 376,* 175 Conn. 165, 168, 397 A.2d 85 (1978).

The plaintiff bears the heavy burden of establishing that each requirement of the rule is met. *McKernan* v. *United Technologies Corporation,* 120 F.R.D. 452, 453 (D. Conn. 1988). Although a trial court must undertake a rigorous analysis to determine whether the plaintiff has borne this burden successfully; *General Telephone Co. of Southwest* v. *Falcon,* 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982); it has broad discretion in determining whether a suit should pro-

[3] Rule 23 of the Federal Rules of Civil Procedure provides in pertinent part: "(a) PREREQUISITES TO A CLASS ACTION. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

ceed as a class action. *Califano* v. *Yamasaki,* 442 U.S. 682, 703, 99 S. Ct. 2545, 61 L. Ed. 2d 176 (1979); *Andrews* v. *Bechtel Power Corporation,* 780 F.2d 124, 130 (1st Cir. 1985); *Fink* v. *National Savings & Trust Co.,* 772 F.2d 951, 960 (D.C. Cir. 1985). Our review is confined to determining whether the trial court abused its discretion. *Fink* v. *National Savings & Trust Co.,* supra.

There is no "magic number" that automatically fulfills the numerosity requirement of the rule; *Flowers* v. *Webb,* 575 F. Sup. 1450, 1458 (E.D. N.Y. 1983); because numerosity is tied to the impracticality of joinder under the particular circumstances of the case. 3B J. Moore, Federal Practice (2d Ed.) ¶ 23.05. A conclusory allegation that joinder is impractical, or speculation about the size of the class, will not suffice to meet the requirement. *Marcial* v. *Coronet Ins. Co.,* 122 F.R.D. 529, 531 (N.D. Ill. 1988). Failure to satisfy the numerosity requirement is sufficient ground for denying class certification. Id.

Here, the trial court found that the potential class of present claimants was limited to ten or possibly eleven similarly situated persons. It noted that such numbers are usually amenable to joinder and, therefore, too small for certification as a class. See, e.g., *Richardson* v. *Coopers & Lybrand,* 82 F.R.D. 335, 338 (D. D.C. 1978); *Muntz* v. *Ohio Screw Products,* 61 F.R.D. 396, 399 (N.D. Ohio 1973); *Tuma* v. *American Can Co.,* 367 F. Sup. 1178, 1189 (D. N.J. 1973). The plaintiff argues that a class of this size is nevertheless appropriate for class certification because the court denied, without decision, a motion to consolidate a case involving the same claims with the present case. The plaintiff, thus, argues that the denial of the motion was equivalent to a finding by the court that joinder was impractical, and that, therefore, certification is proper. The court's denial, however, may have been rendered

on many other grounds unrelated to impracticability of joinder and that denial in one instance would not necessarily prevent joinder of other cases with this case.

The plaintiff's failure to meet the numerosity requirement of Practice Book § 87 is dispositive of the appeal[4] because the failure to meet any one of the prerequisites of the rules of practice requires a denial of class certification.

. The plaintiff based his motion for reconsideration of the trial court's denial of class certification on the discovery of one additional potential class member. The plaintiff claimed that the belated revelation of the potential class member's claim indicated that the defendant's disclosure was suspect, and that the class should be certified to protect the rights of class members as yet unknown. The plaintiff, however, gives no firm indication that unknown class members exist in such numbers that joinder of their claims would be impracticable nor did the trial court find the defendant's compliance with discovery inadequate. Allegations of numerosity based on speculation do not meet the requirements of § 87. *Marcial* v. *Coronet Ins. Co.,* supra; *Richardson* v. *Coopers & Lybrand,* supra.

The trial court, therefore, did not abuse its discretion in denying the plaintiff's motion for reconsideration or in denying the plaintiff's original motion for class certification.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] The trial court had two additional grounds for denying class certification. First, the court held that a class action would not be the most efficient method of adjudicating this controversy because a number of class members were already engaged in litigation. Second, the court found that the plaintiff, as administrator of an estate, would not be an appropriate class representative.