ANTHONY REYNAUD *v.* TOWN OF WINCHESTER
(12321)

LANDAU, HEIMAN and SCHALLER, Js.

Argued May 4—decision released July 26, 1994

---

[4] The defendant seeks review under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973).

*Maureen E. Donahue,* with whom, on the brief, was *David M. Cusick,* for the appellant (plaintiff).

*Kevin F. Nelligan,* for the appellee (defendant).

HEIMAN, J. The plaintiff appeals from the judgment of the trial court dismissing his appeal from the action of the board of tax review of the town of Winchester. On appeal, the plaintiff claims that the trial court improperly (1) found that the video cassette recordings owned by the plaintiff were taxable and (2) employed a valuation method that failed to take into account the rapid depreciation of video cassette recordings. We affirm the judgment of the trial court.

The plaintiff operates a video cassette rental establishment in the town of Winchester. On October 1, 1991, the plaintiff submitted a list of video cassette recordings to the town tax assessor for valuation and assessment. The assessor valued the cassettes at $10.59 per cassette using the "cost minus depreciation" method of valuation.[1] The total assessment, made pursuant to General Statutes § 12-71, was $55,750. The plaintiff appealed the assessment to the board of tax review which reduced the assessment to $43,760. The plaintiff then appealed, pursuant to General Statutes §§ 12-117a, 12-118 and 12-119, to the trial court claiming that (1) the town imposed an illegal tax on intangible property, and (2) the depreciation method adopted by the assessor did not reflect the true rate of depreci-

---

[1] The assessor depreciated the value of the cassettes to 80 percent, 60 percent, 40 percent and 30 percent of their original value for each successive year of ownership.

ation of the recordings. The trial court found that the town taxed only the tangible component of the video cassette recordings and that their intangible components were not taxed. The rights to produce and sell copies, to change the underlying work, and to license its use to others or to transfer the copyright, a value that the trial court stated would be in the millions of dollars, were not taxed. The trial court further found that the depreciation method was a logical and accurate method of arriving at the true and actual value of the video cassette recordings. This appeal followed.

I

"[T]he question before the court is whether the town has levied an illegal tax. . . . Levying a tax on property exempt from taxation would be an illegal exaction. . . . The burden of proving that it is exempt from taxation rests on the taxpayer." (Citations omitted.) *Faith Center, Inc.* v. *Hartford,* 192 Conn. 434, 437, 472 A.2d 16, cert. denied, 469 U.S. 1018, 105 S. Ct. 432, 83 L. Ed. 2d 359 (1984). The plaintiff asserts that the video cassette recordings are similar in nature to computer software, and thus are intangible personal property exempt from taxation. *Northeast Datacom, Inc.* v. *Wallingford,* 212 Conn. 639, 642–43, 563 A.2d 688 (1989). The defendant, on the other hand, asserts that the video cassette recordings are tangible personal property, similar to movie reels, and are thus taxable personal property. *Columbia Pictures Industries, Inc.* v. *Tax Commissioner,* 176 Conn. 604, 610, 410 A.2d 457 (1979). "General Statutes § 12-71 (a) subjects to local municipal taxation '[a]ll goods, chattels and effects or any interest therein, belonging to any person who is a resident in this state . . . .'" *Northeast Datacom, Inc.* v. *Wallingford,* supra, 642. Our Supreme Court has interpreted this language, in light of past statutory language, to subject only tangible personal property to local tax. Id. Tangible personal property is " 'per-

sonal property which may be seen, weighed, measured, felt or touched or which is in any other manner perceptible to the senses.' " *Columbia Pictures Industries, Inc.* v. *Tax Commissioner*, supra, 606. Intangible personal property is the copyright, "the right to produce and sell more copies, the right to change the underlying work, the right to license its use to others and the right to transfer the copyright itself." *Northeast Datacom, Inc.* v. *Wallingford*, supra, 646.

Our Supreme Court in *Columbia Pictures Industries, Inc.* v. *Tax Commissioner*, supra, 176 Conn. 609–10, determined that movie reels were tangible personal property because "the plaintiffs' object was to acquire possession of the film in its finished state in order to reproduce it for profit rather than to acquire the services performed in producing the film." The possessor "acquires a limited right to use and enjoy the material's content." *Northeast Datacom, Inc.* v. *Wallingford*, supra, 212 Conn. 645. Our Supreme Court in *Northeast Datacom* has also determined that the physical components of computer software are intangible property because they are "only the most tangential incidents of a computer program and the fact that tangible property is used to store or transmit the software's binary instructions does not change the character of what is fundamentally a classic form of intellectual property." Id., 644.

We conclude that the video cassette recordings are similar to movie reels and are tangible personal property. The critical factor is whether the plaintiff owns an individual's skills or a tangible end product of those skills. *Columbia Pictures Industries, Inc.* v. *Tax Commissioner*, supra, 176 Conn. 610–11. The plaintiff acquired the video cassette recordings for a limited purpose—to sell and rent the content of the cassette for profit—and did not acquire the incidents of ownership associated with intangible property. The cassettes

also do not contain a code of binary instructions, the meaning of which is known only to skilled individuals. Since the plaintiff owns only the end product, a copy of the production on video cassette, he owns tangible personal property subject to local tax.

The plaintiff further claims that, even if the video cassette recordings are tangible property, the tax by the town was levied on the intangible portion of the recordings; the copyright, "the right to produce and sell more copies, the right to change the underlying work, the right to license its use to others and the right to transfer the copyright itself." *Northeast Datacom, Inc.* v. *Wallingford,* supra, 212 Conn. 646. The trial court stated in its memorandum of decision that the value of such rights is millions of dollars and the assessment was only $55,750. The trial court thus found that the town taxed only the value of what the plaintiff owned, namely, the right to sell and lease the video cassette recordings for profit. "The factual findings of a trial court on any issue are reversible only if they are clearly erroneous. . . . This court cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. . . ." (Citations omitted; internal quotation marks omitted.) *Rosick* v. *Equipment Maintenance & Service, Inc.,* 33 Conn. App. 25, 40–41, 632 A.2d 1134 (1993). On the basis of the record, we conclude that the trial court's finding is supported by evidence and that no mistake was committed by the trial court. Thus, the finding is not clearly erroneous.

## II

The plaintiff next claims that the trial court improperly employed a valuation method that failed to account

for the rapid depreciation of video cassette recordings. The record and briefs are unclear as to the statutory authority under which the plaintiffs bring this action. General Statutes §§ 12-117a, 12-118 and 12-119 all authorize the plaintiff to challenge the valuation of property by the assessor. Neither party led us to the statute on which the plaintiff asserted his claim. Because the record is unclear as to the statute under which the plaintiff brought this action, we will demonstrate the inadequacy of the plaintiff's argument under all of the statutes.

Under General Statutes §§ 12-117a and 12-118, "[t]he valuation of property for assessment purposes is a question of fact for the trier. *Gorin's, Inc.* v. *Board of Tax Review,* 178 Conn. 606, 607, 424 A.2d 282 (1979). 'The trier arrives at his own conclusions as to the value of [property] by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value.' *O'Brien* v. *Board of Tax Review,* 169 Conn. 129, 136, 362 A.2d 914 (1975)." *Tucker* v. *Hartford,* 15 Conn. App. 513, 517, 545 A.2d 584, cert. denied, 209 Conn. 807, 548 A.2d 444 (1988). "The conclusions reached by the trial court must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law." (Internal quotation marks omitted.) *Newbury Commons Ltd. Partnership* v. *Stamford,* 226 Conn. 92, 100, 626 A.2d 1292 (1993); *Tucker* v. *Hartford,* supra, 517–18. The trial court's determination was based on the town assessor's depreciation method, which the trial court found to be a reasonable method of valuation. The court's conclusions as to the value of the plaintiff's properties are adequately supported by the evidence and do not depend on an erroneous rule of law. See *Tucker* v. *Hartford,* supra, 518.

Under General Statutes § 12-119, we review the claim to determine whether "the tax was imposed by a town that had no authority to tax the subject property, or that the assessment was manifestly excessive *and* could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of [the property] . . . ." (Emphasis in original; internal quotation marks omitted.) *Carol Management Corp.* v. *Board of Tax Review,* 228 Conn. 23, 30–31, 633 A.2d 1368 (1993); *Second Stone Ridge Cooperative Corp.* v. *Bridgeport,* 220 Conn. 335, 340, 597 A.2d 326 (1991). There are "two possible grounds for recovery under the statute: the absolute nontaxability of the property in the municipality where situated, and a manifest and flagrant disregard of statutory provisions. . . . The first category in the statute embraces situations where a tax has been laid on property not taxable in the municipality where it is situated . . . ." (Internal quotation marks omitted.) *Second Stone Ridge Cooperative Corp.* v. *Bridgeport,* supra, 340. We have already concluded that the video cassette recordings are tangible property and thus subject to tax. The second category requires "allegations beyond the mere claim that the assessor overvalued the property. [The] plaintiff . . . must satisfy the trier that [a] far more exacting test has been met: either there was misfeasance or nonfeasance by the taxing authorities, or the assessment was arbitrary or so excessive or discriminatory as in itself to show a disregard of duty on their part." (Internal quotation marks omitted.) Id., 341. The record fails to reveal any claim by the plaintiff beyond the mere assertion that the assessor overvalued the property. The plaintiff does not claim and the record does not reflect misfeasance or nonfeasance by the taxing authorities, or that the assessment was arbitrary or so excessive or discriminatory in itself

to show a disregard of duty on their part. Thus, the plaintiff's claim must fail.

The judgment is affirmed.

In this opinion the other judges concurred.