[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #103
The plaintiff has brought this action against the defendant in a four count complaint. The plaintiff alleges that on June 14, 1993, he suffered personal injuries when struck by a hit and run; vehicle and is therefore entitled to uninsured motorist benefits pursuant to a policy of insurance issued to him by the defendant.
The first count of the complaint sounds in breach of contract based upon the plaintiff's claim that the defendant has refused to make payment as required by the policy. The second count alleges bad faith on the part of the defendant in its settlement negotiations with the plaintiff. The third count alleges a violation of CUIPA (Connecticut Unfair Insurance Practice Act). CT Page 1473 The fourth count alleges a violation of CUTPA (Connecticut Unfair Trade Practices Act).
The defendant has filed a motion to strike the complaint or, in the alternative, the second, third, and fourth counts thereof, essentially on the bases that those counts are not properly joined with the first count. Specifically, the defendant maintains that, until the cause of action alleged in the first count is adjudicated, the remaining counts of the complaint fail to state a cause of action upon which relief can be granted.
In support of its position, the defendant relies upon a number of cases from other jurisdictions. In opposition to the motion to strike, the plaintiff cites the decision of Hammer, J. in the Superior Court case of Vandrilla v. Middlesex Mutual Assurance Co.,
12 Conn. L. Rptr. No. 19, 610 (Dec. 5, 1994). Additionally, at least one Appellate Court case has dealt with a similar factual situation, although not with the issue presented in this motion to strike. See Arduini v. Automobile Ins. Co. of Hartford,23 Conn. App. 585 (1990).
The defendant takes the position that it would be inappropriate and prejudicial for the issues in the second, third and fourth counts to be tried at the same time that the underlying uninsured motorist claim is being tried. In this regard, the court agrees with the defendant that the underlying claim should be tried first. However, that does not mean that the motion to strike must be granted.
Sec. 133 of the Connecticut Practice Book permits the joinder of several causes of action in the same complaint, "upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." The court agrees with Judge Hammer in Vandrilla, that the four counts of the complaint arise out of the same "transaction" as that term is used in § 133.
As to the defendant's concerns, as noted above, § 133 also provides ". . . in any case in which several causes of action are joined in the same complaint, . . . if it appears to the court that they cannot all be conveniently heard together, the court may order a separate trial of any such cause of action. . . ." Indeed, it seems clear that at least the fourth count of the complaint alleging a violation of CUTPA would have to be heard by the court and not the jury. See Associated Investment Co. Ltd. Partnership v. WilliamsCT Page 1474Associates IV, 230 Conn. 148 (1994).
Therefore, in order to obviate the confusion and prejudice feared by the defendant, the defendant is entitled to request that the trial judge, pursuant to § 133 as noted above, order that there be a separate trial on the first count of the complaint before proceeding to the remaining counts.
The defendant also maintains that there must be alleged more than a single instance of misconduct on the part of an insurer in order to maintain a CUTPA action. In fact, in order to prove a claim under CUTPA against an insurer as to an alleged unfair settlement practice, such conduct must also be such as to be a CUIPA violation. Mead v. Burns, 199 Conn. 651 (1986).
While the defendant is correct in its statement of the law in this respect, in both the third and fourth counts in the complaint, the plaintiff alleges that the defendant has made it a general business practice to undervalue claims and require is insureds to file suit. This allegation is sufficient to withstand the motion to strike.
The defendant's motion to strike is therefore denied, but without prejudice to move, at the time of trial, that separate trials be held as to the first count and the remaining counts of the complaint.
Thompson, J.