[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE #102
The plaintiffs instituted this class action tax appeal claiming the assessments on their properties were in violation of Section 12-119 as excessive and illegal. The defendant filed this motion seeking to strike "all class action allegations contained in the plaintiffs' complaint" and "all reference to class action parties contained in the plaintiffs' prayer for relief.
The function of the motion to strike is to test the legal CT Page 284 sufficiency of a pleading. R.K. Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). The motion to strike is appropriate when challenging the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Practice Book § 152, Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). The facts alleged in the complaint are to be construed by the trial court in the most favorable way for the plaintiff. Novametrix Medical Systems, Inc.v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992):Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6 (1980). When ruling on a motion to strike, the court is limited and may only rely on the facts alleged in the complaint. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215: Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). A speaking motion to strike, which seeks to raise facts outside those in the complaint, cannot be granted. ConnecticutState Oil Co. v. Carbone, 36 Conn. Sup. 181, 183, 415 A.2d 771
(1979). Where the legal grounds for a motion to strike are dependant upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied. LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
The defendant's first claim is that the plaintiffs have failed to set forth sufficient facts to support a class action. Certification of a class action is governed by the requirements of Practice Book § 87 which provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable. (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Practice Book § 87; Arduini v. Automobile Ins. Co. of Hartford,Connecticut, 23 Conn. App. 585, 588-84, 583 A.2d 152 (1990). If these requirements are met then the court must consider Practice Book § 88 which provides that "[a]n action may be maintained as a class action if the prerequisites of Sec. 87 are satisfied and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Practice Book § 88: see also General Statutes § 52-105; Arduini v. Automobile Ins. Co. of Hartford
CT Page 285Connecticut, supra, 23 Conn. App. 589.
The question of whether the present class should be certified is not before the court. What is before the court is a motion to strike all class action allegations contained in the plaintiffs' complaint. At this stage of the proceedings, all the plaintiffs need do is plead facts which are legally sufficient to support a class action cause of action and the motion to strike must fail.Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
In ¶ 6 of the plaintiff's complaint, they sufficiently identify the proposed class and allege: that joinder is impracticable; that common questions of law or fact apply to all the class members; that the claims of the plaintiffs are typical of the class; that the plaintiffs will adequately prosecute and protect the interests of the class; that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.[1] Assuming the truth of these allegations, as the court must; Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; all of the necessary prerequisites for a class action are present. SeeHardware Mutual Casualty Co. v. Premo, 25 Conn. Sup. 309, 315-16,203 A.2d 433 (1964); Calm v. Morris, Superior Court, judicial district of New Haven at New Haven, Docket No. 371232 (January 2, 1996, Freedman, J., 15 Conn. L. Rptr. 520). Therefore, any claims raised by the defendant questioning the sufficiency of the facts set forth in the complaint are without merit
The second argument made by the defendant alleges that the plaintiffs should have brought their action pursuant to Connecticut General Statutes §§ 12-111 12-118 and not §12-119. The court does not finds this argument persuasive.
"Sections 12-111 and 12-118 provide a method by which an owner of property may directly call in question the valuation placed by assessors upon his property by an appeal to the board of tax review for relief and from it to the courts." CarolManagement Corp. v. Board of Tax Review, 228 Conn. 23, 30,633 A.2d 1368 (1993). "On the other hand, § 12-119 allows a taxpayer one year to bring a claim that the tax was imposed by a town that had no authority to tax the subject property, or that the assessment was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes CT Page 286 for determining the valuation of the real property. Our case law makes clear that a claim that an assessment is excessive is not enough to support an action under this statute. Instead, §12-119 requires an allegation that something more than mere valuation is at issue." Id., 30-31. Where there is no claim that the subject property is non-taxable but rather that a tax was levied as a result of manifest and flagrant disregard of statutory provisions, such as in the present case, the complaint must include allegations that there was either "misfeasance or nonfeasance by the taxing authorities, or the assessment was arbitrary or so excessive or discriminatory as in itself to show a disregard of duty on their part." Reynaud v. Winchester,35 Conn. App. 269, 275, 644 A.2d 976 (1994), quoting Second StoneRidge Cooperative Corp. v. Bridgeport, 220 Conn. 335, 341,597 A.2d 326 (1991).
In the present case, the plaintiffs allege in their complaint that the tax rates used to compute taxes on the properties of the class members were based on assessments that were "manifestly excessive and illegal and could not have been arrived at except by disregarding the provisions of the statutes." The plaintiffs further allege, inter alia, that the assessor for the town of Southbury failed to physically inspect the Heritage Village properties when the last revaluation occurred, as required by Conn. Gen. Stat. § 12-62(b)." The court finds that the facts, as set forth in the plaintiffs' complaint, allege that "something more than mere valuation is at issue"; Carol Management Corp. v.Board of Tax Review, supra, 228 Conn. 31; and that there was "misfeasance or nonfeasance by the taxing authorities." Reynaudv. Winchester, supra, 35 Conn. App. 275. Therefore, the plaintiffs have pleaded sufficient facts to allege a proper cause of action under § 12-119.
Finally, the defendant, in its reply to the plaintiffs' memorandum in opposition, raised the argument that the plaintiffs are barred from bringing suit because they failed to bring their claim "within one year from the date which the property was last evaluated for purposes of taxation . . . ." as required by General Statutes § 12-119.[2]
The court neither agrees with the defendant's argument as to § 12-119, or its assessment of the relevant case law. Section12-119 reads in pertinent part that "[s]uch application [for relief to the superior court] may be made within one year from the date as of which the property was last evaluated for purposes CT Page 287 of taxation . . . ." General Statutes § 12-119. Section12-119 does not expressly or even implicitly manifest that "evaluated for purposes of taxation" as applied in the statute is to be read as the "revaluation date" or "decennial date." The court is convinced that § 12-119 creates a one year limitation on bringing a claim as measured not by the revaluation date or decennial date, but rather by the annual assessment date. This interpretation of the statute is in accord with our Supreme Court's actions and decision in Norwich v. Lebanaon,193 Conn. 342, 349, 477 A.2d 115 (1984) and our Appellate Court's actions and decision in Woodbury v. Pepe, 6 Conn. App. 330, 333-34,505 A.2d 723 (1986). Therefore, since the plaintiffs are only seeking relief from the 1995 assessment, and since the present action was brought within one year of the October 1, 1995 valuation of the properties owned by the plaintiffs and the other members of the proposed class, the defendant's claim that the plaintiffs are barred by the time limitation within § 12-119 is mistaken.
For the reasons set forth above, the defendant's motion to strike all allegations alluding to a class action in the plaintiffs' complaint is denied.
PELLEGRINO (J)