Ramon G. HERNANDEZ et al.,
Plaintiffs-Appellants,

v.

William GRAY et al.,
Defendants-Appellees.

No. 75–1102.

United States Court of Appeals,
Tenth Circuit.

Jan. 26, 1976.

Decided March 11, 1976.

Ray M. Vargas, Albuquerque, N. M.,
Mexican American Legal Defense and
Educational Fund, for plaintiffs-appellants.

John P. Eastham, Albuquerque, N. M.
(Watson & Watson, Artesia, N. M., and
Rodey, Dickason, Sloan, Akin & Robb,
Albuquerque, N. M., on the brief), for
defendants-appellees.

Before LEWIS, Chief Judge, and
BREITENSTEIN and McWILLIAMS,
Circuit Judges.

BREITENSTEIN, Circuit Judge.

This civil rights action brought under
42 U.S.C. §§ 1981, 1983, and 2000e–16
charges officials and employees of the
City of Artesia, New Mexico, with racial
discrimination. The district court dismissed the action. We affirm.

The plaintiffs are 14 former employees
of the City. One is a Black who sued
individually and 13 are Spanish Surnamed who sued individually and on behalf of all others similarly situated. The
defendants are the Mayor, the members
of the City Council, and two supervisors.
The charges are discrimination in hiring,
promotions, transfers, and job security.
In 1972 the United Steelworkers of
America demanded that City recognize it
as the bargaining agent for the employees. On September 12, 1972, the City
Council voted unanimously not to recognize the Union. On the next day the

plaintiffs and other employees refused to work and at the time of the trial had never returned to work. City hired replacements to perform the usual municipal services.

Before the City's rejection of the Union no charges of discrimination had been made to anyone. The Union demands included union shop, check-off, wages, retirement benefits, and job security. Nothing was said about discrimination. Those who refused to return to work included members of non-minority groups as well as the plaintiffs. The instant suit, brought January 3, 1974, sought reinstatement, back pay, and an injunction against discriminatory practices.

■ Plaintiffs claim that they were constructively discharged. The trial court found that no claims of racial discrimination were presented before the September 13, 1972, strike and that the plaintiffs and others voluntarily resigned from employment by the City. Plaintiffs assert that discrimination is established by employment statistics. They presented a table showing the comparative salaries of Spanish Surnames and others in five-year periods from 1948 to 1974. No attempt was made to compare any individuals as to type of work or salary. The City showed that in 1971 it put into effect a wage equalization plan which assured equal pay for equal work. Plaintiffs do not deny this City action but contend that racial disparity is shown by the replacements hired after the strike. Plaintiffs may not claim discrimination in the hiring of replacements after plaintiffs voluntarily left City employment. The plaintiffs' statistical evidence is not remotely similar to that presented in *Jones v. Lee Way Motor Freight, Inc.,* 10 Cir., 431 F.2d 245, 247, cert. denied 401 U.S. 954, 91 S.Ct. 872, 28 L.Ed.2d 237, or in *Spurlock v. United Airlines,* 10 Cir., 475 F.2d 216, 218. The record sustains the finding and conclusion of the trial court that the plaintiffs voluntarily left their employment by the City.

The trial court rejected the class action claim holding that the claims for relief "are from the period of the strike forward," and that plaintiffs are not "members of a class of either the present employees of the City of Artesia or the employees from and after September 13, 1972." In November, 1972, the City Council passed a comprehensive ordinance covering City employment. Plaintiffs do not attack the ordinance or any employment practices occurring after its passage.

■ Plaintiffs contend that the dismissal of their claims does not moot the claims of the class which they represent. They say that their suit is an "across the board" attack on impermissible employment practices, and that the rejection of the claims of the individual plaintiffs does not permit the dismissal of the class action. This is not a case like *Smith v. Delta Air Lines, Inc.,* 5 Cir., 486 F.2d 512, 514–515, *Moss v. Lane Company, Incorporated,* 4 Cir., 471 F.2d 853, 855, or *Rivera v. Freeman,* 9 Cir., 469 F.2d 1159, 1163, where an initial determination was made that the plaintiffs were in fact proper representatives of the class. Here there was no such initial determination and after trial the court held that the plaintiffs were not members of the class which they claimed to represent. A class action may not be maintained by a putative representative who is not a member of the class. *Monarch Asphalt Sales Co., Inc. v. Wilshire Oil Company of Texas,* 10 Cir., 511 F.2d 1073, 1077. The plaintiffs voluntarily left City employment for reasons unrelated to the discriminatory practices which they now assert. They do not represent the class. *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.,* 7 Cir., 522 F.2d 1235, 1240.

■ Plaintiffs urge that even if none of them have standing, the suit should have been allowed to go forward as a class action. We are not confronted with a situation like that in *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147, 161, "capable of repetition, yet evading review." Present and future employees have ample opportunity to bring actions if they are, in fact, subject to discriminatory practices.

The Supreme Court has said *In O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674, 682, that "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." See also *Warth v. Seldin,* 422 U.S. 490, 502, 95 S.Ct. 2197, 2207, 45 L.Ed.2d 343, 356. In the case at bar the court properly rejected both the individual and class claims.

Affirmed.