GOVERNORS GROVE CONDOMINIUM ASSOCIATION, INC., ET AL. *v.* HILL DEVELOPMENT CORPORATION ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 027614
MIDDLESEX

Memorandum filed January 31, 1979

*Broadman, Noble & Franceski,* for the plaintiffs.

*Dzialo, Pickett & Allen,* for the named defendant.

*Hyman, Keith, Harding & Hutensky,* for the defendant LaCava Construction Company.

ROTTMAN, J. The bases for this suit against the developer and the builder of a condominium complex are alleged violations of various contracts and a breach of fiduciary duty. Damages and other relief are sought by the plaintiffs—a condominium association and owners of individual condominium units acting on behalf of themselves and as a class. Two of the owners of these individual units have brought the present "Motion to Maintain Class Action."

In substance, the individual unit owners request that the proceeding be maintained as a class action under § 86 of the 1978 Practice Book. They do so on behalf of themselves and all persons similarly situated, namely: all present owners of units within

the Governors Grove Condominium; all past owners of units within the condominium who purchased their units from the developer and have since sold them; and all past owners of units within the condominium who purchased their units from individuals and have since sold.

Practice Book, 1978, § 88 states that a class action may be maintained if "the prerequisites of Sec. 87 are satisfied and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The requirements laid down in § 87 are as follows: The class must be so numerous that joinder of all members is impracticable; questions of fact or law must be common to the class; the claims and defenses of the representative parties must be typical of the claims and defenses of the class; and the representative parties must fairly and adequately protect the interests of the class.

As § 86 is quite similar to rule 23 of the Federal Rules of Civil Procedure, reference may be had to federal precedents when deciding whether a case should be certified as a class action under Connecticut law. To this end, it is informative to note that the class action has as its objectives "the efficient resolution of the claims or liabilities of many individuals in a single action, the elimination of repetitious litigation and possibly inconsistent adjudications involving common questions, related events, or requests for similar relief, and the establishment of an effective procedure for those whose economic position is such that it is unrealistic to expect them to seek to vindicate their rights in separate lawsuits." Wright & Miller, Federal Practice and Procedure, § 1754.

In the present case, it is apparent that there exists the very real potential for repetitious litigation, unnecessary and perhaps burdensome expense, and the creation of unwarranted confusion. Since, however, the prerequisites of § 87 seem to have been met, class certification is available, and this potential need not be realized.

Over one hundred individuals are allegedly within the class which the plaintiffs seek to have certified. Contrary to the defendants' contentions, joinder of this many persons is impracticable and would serve only to prolong unnecessarily the litigation involved here.

The plaintiffs argue that the class members have all been injured by the defendants in the same manner. They claim that the defendants initially failed to install properly the roofs of the housing units; that they subsequently did not attempt to make the necessary repairs and that they then conspired to conceal these roof defects from the purchasers and owners of the units. Since the roofs of the units are contractually designated as "common areas," any defect in the roofs affects all members of the proposed class. It therefore seems apparent that the essential questions of law and of fact involved here are the same for all members of the class—whether they are past or present unit owners.

For the reasons cited above, the claims and defenses of the representative parties appear to be comparable to those of the class. The defendants argue that since ownership of the individual units was acquired through individual contracts, then the claims of the unit owners will vary. This, in turn, will mean that the defendants' liability to individual plaintiffs may also vary, as might the defenses which they seek to raise. Citing *Schmidt* v. *Interstate Federal Savings & Loan Assn.*, 74 F.R.D.

423, the defendants press the argument that the statute of limitations may have run against individual unit owners.

To a large degree, the defendants have misconstrued the plaintiffs' complaint. The plaintiffs do not seek recovery on the basis of individual contracts. Rather, they seek compensation for injuries suffered as a result of their mutual ownership of the unit roofs. Any claims and defenses available to the representative parties will be available to other members of the class. While *Schmidt* does state (p. 428) that the "applicable statute of limitation marks the outer boundary line for class membership," this defense may well be inapplicable to the present situation. If the defendants fraudulently concealed the plaintiffs' cause of action, as the plaintiffs contend they did, then the statute of limitations would be tolled. See *Zimmerer* v. *General Electric Co.*, 126 F. Sup. 690 (D. Conn.). Moreover, even if there were no fraudulent concealment, the statute of limitations probably has not run with regard to most of the individual members of the class. The statute of limitations which deals with contractual disputes provides that suit must be brought within six years of the time when the cause of action accrued. General Statutes § 52-576. As the present action was filed in 1977, those unit owners who signed contracts after 1971 would fall within the ambit of the statute.

In deciding whether representative plaintiffs will fairly and adequately protect the interests of the proposed class, the court should consider whether counsel is competent and diligent, whether the action is a collusive suit, and whether there are any antagonistic or conflicting claims between the representative plaintiffs and members of the proposed class. *Eisen* v. *Carlisle & Jacquelin*, 391 F.2d 555 (2d Cir.).

Counsel herein have shown themselves to be fully competent and quite diligent in pressing their claims. In addition, there is absolutely no indication that this is a collusive action. Finally, it appears that the representative plaintiffs will more than adequately represent the proposed class. One of the representative plaintiffs is both a present unit owner and the president of the Governors Grove Condominium Association. This party is surely an excellent representative of the claims of the current unit owners. The other representative plaintiff was the owner of a unit which she subsequently sold. As such, she is an adequate representative of former unit owners. The mere fact that she is also a current owner of a unit does not disqualify her from acting as a representative of the former owners.

In conclusion, it appears clear that a pragmatic approach to the problems raised in the present case is desirable. If this proceeding is allowed to move forward as a class action, that requirement would seem to be well met. Compared to other available methods, a class action would appear to provide for the fairest and most efficient method of adjudication of the present controversy.

While General Statutes § 47-80a might provide an acceptable alternative to a class action suit, the plaintiffs are correct in pointing out that such an alternative is not available in the present case. Section 47-90c (a) of the General Statutes restricts the effect of § 47-80a to condominiums established after January 1, 1977. As there is no provision for representation by a unit owners' association in the pre-1977 statute, a suit on behalf of the individual unit owners cannot be statutorily maintained by the plaintiff Governors Grove Condominium Association. In addition, the bylaws of the plaintiff association also fail to provide authority for the associa-

tion to represent the owners in this type of action. Since the unit owners may only act in concert with regard to common areas, group representation is needed and the class action appears to be the most suitable device available. See § 47-74 (b) (1) of the General Statutes (restricting the rights of individual owners to deal with common areas).

A class action would seemingly prevent a multiplicity of suits involving common issues of fact and of law. In so doing, it would also provide for a considerable savings in terms of time and expense— both for the court and the litigants themselves. As the adjudications of the individual cases representative of the class are likely to be dispositive of the interests of the other members of the class, any issues affecting only individual members of the class appear to be overshadowed by common questions of law and of fact.

Judicial economy would seem to dictate that the individual unit owners not be required to bring separate actions, for identical evidence would be required to establish collective injury and liability in every case. The only issue apparently distinguishing the class members will be the amount of consequential damages, if any, sustained by individual owners as a result of the collective injury. Since such damages are likely to be relatively minor, once the questions of collective injury and liability have been decided, a separate hearing as to those damages could be ordered by the court if it so desired.

Therefore, the motion to maintain a class action is granted.