ELSIE B. FETTERMAN *v.* THE UNIVERSITY
OF CONNECTICUT ET AL.

SUPERIOR COURT  JUDICIAL DISTRICT OF  FILE No. 253769
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 4, 1988

*Louis M. Winer,* for the plaintiff.

*Joseph I. Lieberman,* attorney general, and *Paul M. Shapiro,* assistant attorney general, for the named defendant et al.

*Joel M. Ellis* and *William S. Zeman,* for the defendant University of Connecticut Chapter of the American Association of University Professors.

SATTER, J. The plaintiff moves for an order authorizing her to sue under the sixth count of the complaint as a representative of members of a class consisting of faculty and professional staff at the University of Connecticut (UConn) who hold or held eleven month appointments at any time in or after December, 1977.

In the sixth count of the complaint, she alleges that the defendants UConn and the University of Connecticut Chapter of the American Association of University Professors (UConn-AAUP), maintained a dual system of nine month and eleven month appointments, with substantial differences in compensation and benefits, which violated her rights under the United States and Connecticut constitutions and under § 1983 of Title 42 of the United States Code.

Facts pertinent to this motion are as follows: The plaintiff voluntarily terminated her employment as a professor at UConn in 1979 and has not since been associated with the university. The plaintiff instituted this action in 1980, and filed a motion in 1981 to be appointed a class representative which she did not pur-

sue. The Supreme Court dismissed a portion of the complaint and remanded the case for trial in 1984. *Fetterman* v. *University of Connecticut,* 192 Conn. 539, 473 A.2d 1176 (1984). On July 26, 1988, the day before Judge William Shaughnessy, the presiding civil jury judge, ordered that the trial of this case commence on September 8, 1988, the plaintiff filed the present motion for class certification. This case has been on the dormancy list at least four times. A firm date for the lawyers to start picking a jury has been set for October 4, 1988, with the trial to commence on October 12, 1988.

Section 87 (4) of the Practice Book provides that a prerequisite for maintaining a class action is that "the representative parties will fairly and adequately protect the interests of the class." In interpreting this rule, reliance on federal case law is appropriate because of its similarity to the federal rule. *Campbell* v. *New Milford Board of Education,* 36 Conn. Sup. 357, 359–60, 423 A.2d 900 (1980); *Governor's Grove Condominium Assn., Inc.* v. *Hill Development Corporation,* 35 Conn. Sup. 199, 200, 404 A.2d 131 (1979).

There are three reasons why this motion must be denied. The first is that the plaintiff is not a member of the class she seeks to represent. The general rule is expressed by the United States Supreme Court in *Sosna* v. *Iowa,* 419 U.S. 393, 403, 95 S. Ct. 553, 42 L. Ed. 2d 532 (1975), as follows: "A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court." Directly on point are two federal cases in which the plaintiffs, as the plaintiff here, left their employers by their own choice and then sought to represent as a class current employees of the employers. In *Hernandez* v. *Gray,* 530 F.2d 858, 859 (10th Cir. 1976), the court said: "A class action may not be maintained by a putative representative who is not a member of the class. . . . The plaintiffs voluntarily left City

employment for reasons unrelated to the discriminatory practices which they now assert. They do not represent the class." To the same effect is *Jenkins* v. *Blue Cross Mutual Hospital Ins., Inc.*, 522 F.2d 1235, 1240 (7th Cir. 1975).

The second reason is that the plaintiff has not demonstrated that she and her attorney can "fairly and adequately protect the interests of the class," as required by Practice Book § 87. Since at least 1984, when the case was remanded by the Supreme Court, the plaintiff has done little to bring it to trial. It has been on the dormancy list four times. Only on the eve of trial did the plaintiff move for leave to represent a class. As the United States Supreme Court noted in *East Texas Motor Freight System, Inc.* v. *Rodriguez,* 431 U.S. 395, 405, 97 S. Ct. 1891, 52 L. Ed. 2d 453 (1977), failure promptly to move for class certification "bears strongly on the adequacy of representation that those class members might expect to receive."

Fair and adequate representation "is particularly important because the due process rights of absentee members may be implicated if they are inadequately represented by the named plaintiff." *Key* v. *Gillette Co.,* 782 F.2d 5, 7 (1st Cir. 1986).

The plaintiff's lack of diligence in the prosecution of this case gives this court no confidence that the standard of professional representation prescribed by § 87 of the Practice Book will be met.

The third reason is that § 90 of the Practice Book requires that due notice be given to members of the class. Such notice would necessarily delay the trial. That is simply unacceptable. The plaintiff has only herself to blame for waiting so long to have the matter of class certification resolved. Now it is too late.

The motion for certification as class action is denied.