[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR CLASSCERTIFICATION
Plaintiffs have brought this action seeking injunctive relief in connection with claimed deficiencies in the legal representation being provided to various categories of indigent criminal defendants by the state's public defender system. A full statement of facts relating to this case is found in the Court's October 22, 1996 Memorandum of Decision denying defendants' Motion to Dismiss, which is incorporated by reference into this memorandum.
The plaintiffs, as identified in the January 5, 1995 Class Action Complaint, are Carlos Rivera, who was alleged to have criminal cases pending in G.A. 14; Anthony Young, identified as having criminal cases pending in G.A. 8; John Doe, with pending cases in juvenile court; Benjamin Fuentes, with a case pending in G.A. 14; and Edward Southwick, with pending cases in Superior Court, Judicial District of Bridgeport. Plaintiffs are all identified as residents of Connecticut. They all allege to have been represented by public defenders or special public defenders.
None of the originally named plaintiffs allege to have criminal habeas corpus proceedings pending. However, motions to intervene have been filed by John B. Hidden, Mitchell Rosedom, and Joseph Raymond, all of whom have been convicted of crimes and have filed habeas petitions which are pending. The Court has considered the February 2, 1996 Motion to Intervene of John B. Hidden, the August 1, 1996 Motion to Intervene of Mitchell CT Page 9228 Rosedom, and the August 5, 1996 Motion to Intervene of Joseph Raymond, and the objections thereto. Permissive intervention is appropriate in this case. The motions to intervene are granted.In re Baby Girl B., 224 Conn. 263, 277 (1992). Pursuant to their representation in their October 25, 1996 Reply Memorandum, plaintiffs are ordered to move to amend the complaint immediately to include the claims of all proposed intervenors in the complaint.
Plaintiffs have filed a January 5, 1995 Notion for Class Certification seeking certification for all indigent persons who are or will be represented by public defenders or by special public defenders in the geographic area courts, judicial district courts, juvenile courts, and in criminal habeas proceedings. Defendants oppose the motion. This motion is brought pursuant to Practice Book §§ 86, 87 and 88. For the reasons stated, with the caveat noted, the motion is granted.
Legal Prerequisites for Class Certification
Practice Book Section 87 and 88 together impose six requirements on the certification of a class action. They are as follows: (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (4) the representative parties must fairly and adequately protect the interests of the class; (5) the questions of law or fact common to the members of the class must predominate over any questions affecting only individual members; and (6) a class action must be superior to other available methods for the fair and efficient adjudication of the controversy.
Because these requirements for class certification are substantially similar to the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure, Connecticut courts commonly rely on federal case law to aid them in their analysis. Arduini v. Automobile Ins. Co. of Hartford,23 Conn. App. 585, 589 (1990); Campbell v. New Milford Board ofEducation, 36 Conn. Sup. 357, 359-60 (1980).
a. Numerosity
The first requirement for class certification is commonly CT Page 9229 known as numerosity. According to the language of the rule, the plaintiff must show that the class is "so numerous that joinder of all members is impracticable." The numerosity requirement must be analyzed in light of the particular facts of each case. While the plaintiff is not required to provide the court with an exact class size, mere speculation or conclusory allegations will not justify the certification. Campbell at 361. It is necessary to provide the court with evidence or a reasonable estimate which would allow the court to draw reasonable inferences as to the approximate size of the class and the infeasibility of joinder.Crowley et al. v. The Banking Center, 6 Conn. L. Rptr. 134, 134 (1992).
In this case, the numerosity requirement is not contested given the large number of indigent persons represented by public defenders each year. While plaintiffs do not offer an exact figure or even an estimate of the number of persons involved, the parties have provided evidence which allows the court to draw a reasonable inference as to size and the infeasibility of joinder. Plaintiffs allege in paragraph 23 of the complaint that "During 1993-94, the numbers of cases handled by the Public Defender's office included 88,000 G.A. cases, 4,400 J.D. cases, and 5,000 juvenile cases." In addition, plaintiffs have provided the court with data relating to the number of cases handled by the public defenders, which demonstrates the significant number of cases handled by the public defenders. It is apparent that the numbers are significant and would make joinder impracticable. Even taking into account the possible duplication of cases and parties, there is a large number of class members, in the many thousands. While the "numerosity" requirement is not disputed, the record in this case will be clarified, particularly with respect to the habeas plaintiffs, if plaintiffs file an affidavit providing a good faith approximation of the number of persons encompassed by each category of plaintiffs (e.g., indigent persons with cases in the J.D. courts; in the G.A. courts; in the juvenile courts; and with habeas claims) for the relevant time periods. Plaintiffs are ordered to file such an affidavit with the Court by December 1, 1996, with a copy to opposing counsel with any supporting documentation they wish to include.
b. Commonality
The second requirement under Practice Book § 87 is known as commonality. In order to meet the requirement of commonality, the plaintiff must show that "there are questions of law or fact CT Page 9230 common to the class." As noted in Newberg on Class Actions
(Third Edition), with respect to Federal Rule of Civil Procedure 23
(a)(2), this prerequisite is "qualitative rather than quantitative," and "there need be only a single issue common to all members of the class. Therefore, this requirement is easily met in most cases." Section 3, 10, pages 3-49 through 3-50.
Connecticut case law is guided by federal law. As Justice (then Judge) Berdon observed in Doe v. Maher, ". . . commonality is satisfied where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." (Emphasis added.) 8 CLT No. 18 pg. 11, Accord, Crowley v. The BankingCenter, 6 C.L.R. 134 (1992) (Katz, J.) In sum, individual fact variations are not necessarily a bar to meeting the commonality standard. Campbell at 362, Like v. Carter, 448 F.2d 798, 802 (8th Cir. 1971.)
Defendants argue that due to the fact variations of the plaintiffs' cases with the public defender's office, commonality is not present. The flaw in this argument stems from defendants' characterization of the issue which underlies this case. The common question presented is not whether plaintiffs are each individually receiving effective assistance from their public defender based on inadequate representation in their individual cases. The common question plaintiffs raise, to oversimplify somewhat, is whether the plaintiffs are being injured due to the alleged overload of cases and underallocation of resources.
Even in this early stage of the case, it is possible to discern that potentially significant factual and legal distinctions exist between the various categories of proposed plaintiffs. Obviously, the legal and factual issues relating to convicted prisoners, to provide one example, are different than those relating to juveniles, or those where cases have not yet been resolved. However, all things considered, I conclude that there is sufficient commonality to support a finding that this prerequisite has been met.[1]
c. Typicality
The third requirement of § 87 provides that a class action may be maintained only if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." While numerosity and commonality focus on the CT Page 9231 characteristics of the class and its claims, typicality and adequate representation focus on the characteristics of the class representatives. Despite this difference in perspective, the requirement of typicality is closely related to commonality. The defense bases its opposition largely on the factual variations of the cases of putative class members. As noted above, this misapprehends the basic, systemic thrust of plaintiffs' claims.
In order to meet the typicality requirement, the plaintiffs must show that the claim of a representative party "arises out of the same events or practice or cause of conduct that gives rise to the claims of the class members and is based on the same legal or remedial theory." Campbell at 365.
Defendants' opposition based on factual differences is not persuasive. "The presence of factual variations is generally immaterial unless those variations render the representative party's claim markedly different from those of the class."Crowley at 135, citing Newberg on Class Actions, § 1115c, p. 186; see also Lawson v. Wainwright, 108 F.R.D. 450 (1986).
The harm claimed is based on alleged systemic inadequacies and, on the present record, is therefore fundamentally the same for each plaintiff in the proposed class. The representative plaintiffs here only make class claims. They are not seeking individual relief in the complaint. Their claims arise out of the same alleged conduct and are essentially based on the same legal theory or theories. In the court's view, the typicality requirement is satisfied.
d. Fair and Adequate Representation of the Interests of the Class
The fourth requirement of § 87 is that "the representative parties will fairly and adequately protect the interests of the class." At a minimum, plaintiffs must be part of the class and possess the same interest and claimed injury as the class members. Clearly, the requirement of adequate representation is particularly significant because of its impact on the due process rights of absent class members, who will be bound by the outcome of this action.
"In deciding whether the representative plaintiff will fairly and adequately protect the interests of the proposed class, the court should consider whether counsel is competent and dingent, CT Page 9232 whether the action is a collusive suit, and whether there are any antagonistic or conflicting claims between the representative plaintiffs and members of the proposed class." Campbell at 366, citing Governor's Grove Condominium Assn., Inc. v. HillDevelopment Corp., 35 Conn. Sup. 199, 202; see also Eisen v.Carlisle Jacquelin, 391 F.2d 555, 562 (2d Cir. 1968). The plaintiffs here are a part of the class and make their claims only as class members. They are represented by counsel both skilled and experienced in cases such as this. In addition, the relief sought here is not monetary, but injunctive, which provides a certain inherent degree of protection from antagonistic claims. Moreover, on the present record, the Court is unable to discern any meaningful antagonism in the interests of the plaintiffs which give rise to concern. In the Court's view, this prerequisite has been met.
Requirements of Section 88
Having met the four requirements of § 87, the plaintiffs must still meet the final two requirements of § 88. The fifth requirement is that the "questions of law and fact common to the members of the class predominate over any questions affecting only individual members." This is similar to the requirement of commonality, but involves a stricter standard that the common issues "predominate over" the individual issues. This requirement does not mandate an absolute congruence of common issues. The fact that individual issues exist aside and apart from common issues is not determinative. In consideration of the full record, I conclude that this prerequisite has been met. The individual fact variations which defense points to in its opposition to this motion appear at this early stage to be incidental to the predominating common factual and legal issues.
The final requirement for class certification is that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." In GeneralTelephone Co. v. Falcon, 457 U.S. 147 (1982), the Supreme Court stated that the class action was designed as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." Quoting Califano v. Yamasadi,442 U.S. 682, 700-701 (1979). A class action, the court continued, is particularly appropriate where there are common issues and where these issues turn on questions of law applicable in the same way to each of the members of the class. An obvious advantage of a class action is that, if used in appropriate cases, it saves the CT Page 9233 resources of both the courts and the parties.
The claims in this case are well-suited for class action treatment. The claims are based in part on alleged constitutional violations and seek injunctive relief. In federal court, notwithstanding recent legislative developments, claims of this sort are commonly brought as class actions.[2]
Individual indigent plaintiffs would as a practical matter find it difficult or impossible to bear the financial burdens of individual cases. Moreover, judicial economy is clearly served by permitting one class action to be brought rather than by requiring the court system to deal with a myriad of separate, individual cases. In the interest of justice and judicial economy, the class action is the logical and superior method of adjudication given the size and transitory nature of the class.
A final significant issue must be addressed.
In their memoranda in opposition, defendants argue, in substance, that some or most of the cases of the named plaintiffs have been disposed of and that as a consequence, they will lack the active interest required of a class representative to "put up a good fight." Campbell at 367. Plaintiffs, on the other hand, represent that all of the named plaintiffs had "live" cases in the courts on January 5, 1995, the date of the complaint. Defendants do not contest this. In the Court's view, defendants' argument essentially raises a "mootness" issue and is ultimately unpersuasive given the particular facts and circumstances presented in this case.
It is of course essential that a litigant have a "live" interest in a lawsuit to properly represent the interests of a class. But the practical reality is that where a proposed class is large, fluid, and transitory, it is often difficult if not impossible to find plaintiffs whose cases would remain "alive" in the system long enough to maintain "live" cases during the pendency of the full case.
In this case, the parties have preliminarily indicated to the Court that it may take well in excess of A year to properly prepare for trial. Even if new appropriate plaintiffs were located today, their cases might be resolved prior to trial. Accepting defendants' argument would be to prevent this case from ever being heard. Moreover, it must be repeated that the named CT Page 9234 plaintiffs are not seeking individual relief as to their cases only, but systemic relief based on alleged system-wide deficiencies.
In cases such as this, as plaintiffs argue, courts have recognized that where the injury alleged is "capable of repetition, yet evading review, " the named plaintiffs may be held to be adequate class representatives as long as their claims were "live" at the time the complaint was filed. That appears to be the case here.[3]
As the United States Supreme Court has noted:
 There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.
Sosna v. Iowa, 419 U.S. 393, 402 n. 11 (1975); see also Gersteinv. Pugh, 420 U.S. 103, 110 n. 11 (1975); Comer v. Cisneros,37 F.3d 775, 798-99 (2d Cir. 1994) (reversing denial of class certification in housing discrimination case, holding that certification would be deemed to relate back to filing of complaint in view of the "transitory nature of the public housing market"); Robidoux v. Celani, 987 F.2d 931, 938-39 (2d Cir. 1993) (even where class is not certified until after claims of class representatives have become moot, certification would relate back to filing of complaint because claims of public assistance applicants were inherently transitory and likely to be resolved before applicants could receive relief); Smith v. Meacham, Slip. Op., No. 3:93CV01537 (D. Conn. Aug. 31, 1995) (under "relation back" doctrine, former prisoners were adequate class representatives in prison litigation); German by German v.Federal Home Loan Mortgage Corp., 896 F. Sup. 1385, 1395
(S.D.N.Y. 1995). ("The transitory exception does not require that the harm claimed by the plaintiff be capable of repetition as to the named plaintiff. It is sufficient that the controversy CT Page 9235 remains alive for members of the class in order for the class certification to relate back to the filing of the original complaint . . . Relation back to the time of the filing of the complaint is standard in class action cases involving the transitory exception.") (Footnotes omitted); Brown v. Giuliani,158 F.R.D. 251, 265 (E.D.N.Y. 1994) (certification deemed to relate back to filing of complaint even if the named plaintiffs are no longer suffering the harm alleged; since others similarly situated are, the controversy is not moot).
The Supreme Court's decision in Gerstein v. Pugh, 420 U.S. 103
(1975), upon which plaintiffs rely, is noteworthy. The plaintiffs in Gerstein challenged their pretrial detention without a judicial probable cause determination. Due to the brief and temporary nature of the pretrial detention and the likelihood that other persons similarly situated would be similarly detained, the Supreme Court concluded that the claim was one that was "capable of repetition, yet evading review," and that the short duration of the pretrial detention required that a class representative's claim be evaluated at the time the complaint was filed rather than at the time of class certification. Id. at 110 n. 11.
 At the time the complaint was filed, the named respondents were members of a class of persons detained without a judicial probable cause determination, but the record does not indicate whether any of them were still in custody awaiting trial when the District Court certified the class. Such a showing ordinarily would be required to avoid mootness under Sosna. But this case is a suitable exception to that requirement. . . . The length of pretrial custody cannot be ascertained at the outset, and it may be ended at any time by release on recognizance, dismissal of the charges, or a guilty plea, as well as by acquittal or conviction after trial. It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class. Moreover, in this case the constant existence of a class of CT Page 9236 persons suffering the deprivation is certain. The attorney representing the named respondents is a public defender, and we can safely assume that he has other clients with a continuing live interest in the case. Id.
The Court agrees with plaintiffs' contention that claims of the class members in this case are transitory because any given individual's criminal case is likely to be resolved before he or she could benefit from the relief requested in this lawsuit. Since the claims in this case are "capable of repetition, yet evading review," the resolution of the named plaintiffs' criminal cases is not a bar to class certification given the particular facts and circumstances of this case.
For the reasons stated, without in any way reaching the merits, the Motion for Class Certification is granted, as indicated. The Court hereby enters an order certifying a class of plaintiffs consisting of all indigent persons who are or will be represented by public defenders or special public defenders in the geographic area (G.A.) courts, judicial district (J.D.) courts, juvenile courts and in criminal habeas proceedings.[4]
Douglas S. Lavine Judge, Superior Court