[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO CERTIFY AS A CLASS (#114)
The issue in this case is whether the defendant should be certified as the authorized representative of a class known as "the present and former patients of Charles Gianetti, M.D.," for purposes of prosecuting the plaintiff for fraud and violations of CUTPA?
The plaintiff, Charles Gianetti, M.D., brings this three count complaint against the defendant, Catherine Bonvicini, for failure to pay for medical services allegedly rendered following an automobile accident. Bonvicini has filed an answer, seven CT Page 2564 defenses and a four count counter claim alleging negligence (count one), fraud (count two), breach of contract (count three) and violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b (count four). The defendant now moves for certification as the authorized representative of a class consisting of "the present and former patients of Charles Gianetti, M.D.," for purposes of prosecuting the second and fourth counter claims.
Bonvicini alleges the following facts. On December 27, 1997, Bonvicini, an elderly woman in her eighties, was severely injured in an automobile accident and immediately hospitalized. Numerous doctors, including Gianetti, performed complex surgery on her multiple injuries.
On or about January 8, 1998, Gianetti approached Bonvicini in the hospital while she was still weak, under sedation and recovering from surgery. Gianetti presented her with a document he described as a medical release required to provide her attorney and/or medicare with information concerning the accident, her injuries and the medical services rendered. Bonvicini further alleges she was too debilitated to read the document and did not notice a clause requiring her to pay "all fees regardless of insurance." Therefore, relying on Gianetti's representation that the document was only a medical release, she signed it.
All other medical providers submitted their bills directly or indirectly to medicare and were immediately paid. Based on her belief that all medical costs were accounted for, Bonvicini entered into an automobile settlement and also settled with medicare.
Gianetti submitted his first bill to Bonvicini in January, 1999, more than one year following treatment. Prior to the billing, he had never provided Bonvicini, her attorney or medicare with a medical report or statement. Although Bonvicini repeatedly asked Gianetti to submit the bill to medicare for payment, he did not do so. Several months later, Gianetti sued Bonvicini to obtain payment based on the document she signed in the hospital.
Certification of class actions is governed in the first instance by the requirements of Practice Book § 9-7, which provide: "One or more members of a class may sue or be sued as CT Page 2565 representative parties on behalf of all only if(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." All four requirements must be met in order to certify a class. See Arduini v. Automobile Ins. Co. of Hartford.Connecticut, 23 Conn. App. 585, 588, 583 A.2d 152 (1990). If the four requirements are met, then the court must consider Practice Book § 9-8, which provides: "An action may be maintained as a class action if the prerequisites of Section 9-7 are satisfied and the judicial authority finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." See also General Statutes § 52-105; Arduini v. Automobile Ins. Co. of Hartford.Connecticut, supra, 23 Conn. App. 589. "The plaintiff's bear the burden of establishing that all requirements of the Practice Book Sections are met. . . ." Ward v. New Haven, Superior Court, judicial district of New Haven-Housing Session, Docket No. 083948 (December 4, 1990, Vertefeuille, J.) (3 Conn. L. Rptr. 71, 72).
Only a court may certify a class action. See Owner-OperatorsIndependent Drivers Assn. of America v. State, 209 Conn. 679, 682
n. 2. 553 A.2d 1104 (1989). A court "has broad discretion in determining whether a suit should proceed as a class action."Arduini v. Automobile Ins. Co. of Hartford, Connecticut, supra,23 Conn. App. 589-90. "[T]he requirements of the rule are to be given a liberal construction." Campbell v. New Milford Board ofEducation, 36 Conn. Sup. 357. 360. 423 A.2d 900 (1980).
Since the requirements for certification of class actions in federal court under Fed.R.Civ.P. 23 are substantially similar to the Practice Book Requirements, federal case law is persuasive in construing these requirements. See Fetterman v. University ofConnecticut, 41 Conn. Sup. 141, 143, 559 A.2d 246 (1989).
Bonvicini argues that she satisfies the four part test for certification as authorized representative of the proposed class. She argues that, insofar as the test of commonality is concerned, all members of the class share fact patterns virtually identical to her own. She asserts that a review of court files and discussions with other patients reveal that Gianetti has asked CT Page 2566 many patients in similar situations to execute agreements for services after they have been rendered. She contends that the agreements purport to be medical releases similar to the document she signed, and that Gianetti subsequently presses charges against elderly, ill or unwary patients to obtain grossly inflated fees on the ground that the agreements are binding contracts. Gianetti replies that there exist too many diverse questions of law not common to the proposed class that would burden the joined litigants.
"The requirement of commonality does not require a complete
identity of legal and factual issues among all class members. . . . It only requires that some common questions exist, not that they predominate. . . . Thus, the mere fact that there may be factual differences is not fatal to class certification; . . . so that where the question of basic liability can be readily established by common issues the case is appropriate for a class action. . . . The fact that there may have to be an individual examination on the issue of damages has never been held to bar certification of a class. . . . In short, commonality is satisfied where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." (Citations omitted; emphasis in original; internal quotation marks omitted.) See Campbell v. New Milford Board ofEducation, supra, 36 Conn. Sup. 362.
Here, Bonvicini defines the proposed class more broadly than necessary, and thus fails to satisfy the test of commonality. In her memorandum, Bonvicini argues that the class was formed when Gianetti began using the allegedly adhesive contract, refused to accept insurance payments and then sued his own patients for non-payment. However, Bonvicini describes the class as "the present and former patients of Charles Gianetti, M.D.," thus including all current and former patients who may not have executed agreements for services after-the-fact, as she did, as well as all those who were Gianetti's patients before he began using the agreement. Accordingly, there is no common question of law linking all members of the class, as presently described, and patients who did not execute such agreements will have no interest in the outcome of Bonvicini's litigation. See Campbellv. New Milford Board of Education, supra, 36 Conn. Sup. 362.
Bonvicini's failure to meet the commonality requirement of Practice Book § 9-7 is dispositive of the motion because failure CT Page 2567 to meet any one of the prerequisites of the rules of practice requires a denial of class certification. See Arduini v.Automobile Ins. Co. of Hartford., Connecticut, supra,23 Conn. App. 591.
Based on the foregoing, the court denies Bonvicini's motion for class action certification.
JOHN MORAN, JUDGE