[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DECISION RE: MOTION FOR CERTIFICATION OF CLASS ACTION #125
The present case arises from an original complaint filed on June 6, 1996, by the named plaintiffs, Raymond A. Humiston, Joan A. King and Lyra Saydah, against the defendant, the town of Southbury. The operative complaint alleges that this action is brought pursuant to General Statutes § 12-119, personally and on behalf of the entire class of persons similarly situated, consisting of all taxpayers who own property in the Heritage Village Complex in Southbury as set forth on the grand list of October 1, 1995, and October 1, 1996 (the class).[1]
According to the complaint, the named plaintiffs own and reside in condominiums located in the Heritage Village Complex in Southbury, Connecticut. Heritage Village consists of more than 2500 condominium units comprising a significant portion of the grand list and the taxpayers for the town of Southbury.
The plaintiffs allege that the adoption of the grand list of real property prepared by the assessor for the town of Southbury (assessor) for the years 1995 and 1996 was illegal, invalid and contrary to statutory duties, in that: (1) the class members bear an unfair and illegal share of the tax burden because a great number of non-Heritage Village properties were assessed for less than 70 percent of their true and actual value, while the Heritage Village properties have been assessed disproportionately high; (2) the assessor established and used a single manifestly excessive assessment for each type of model unit in Heritage Village and then applied it to all similar units notwithstanding significant variations in actual value; and (3) the assessor failed to physically observe or inspect the exterior of the properties when the last revaluation occurred as required by General Statutes § 12-62(b).
The plaintiffs allege that the tax rates of the properties owned by the named plaintiffs and the class were computed on assessments that were manifestly excessive and illegal and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of properties within the town of Southbury. CT Page 12078
The plaintiffs seek temporary and permanent injunctive relief with respect to the 1995, and 1996, grand lists, requiring Southbury to separately and individually assess each unit in Heritage Village based upon its relevant actual fair market value; a determination that the valuation of the properties owned by the plaintiffs and the class on October 1, 1995, and October 1, 1995, be reduced to 70 percent of their true and actual value; a determination that the amount of taxes imposed on the properties owned by the plaintiffs and the class with respect to the October 1, 1995, and October 1, 1996 grand lists and the assessments on which they were computed, be reduced; and a determination that the plaintiffs and the class should be reimbursed by the defendant for the excess taxes paid or to be paid to the defendant with interest and costs.
On August 13, 1995, the defendant filed a motion to strike all class action allegations contained in the complaint. The court, Pellegrino,J., denied the motion on January 16, 1997, on the ground that the plaintiffs set forth facts in the complaint to sustain a class action cause of action. See Humiston v. Southbury, Superior Court, judicial district of Waterbury, Docket No. 133244 (January 16, 1997, Pellegrino,J.).
The plaintiffs filed the present motion for class certification pursuant to Practice Book § 9-7 et. seq. on behalf of all persons who are taxpayers who own property in the Heritage Village condominium complex in Southbury, Connecticut, as set forth in on the grand list of October 1, 1995, and October 1, 1996. The defendant has filed a memorandum of law in opposition to the motion for class certification.
 DISCUSSION
"[T]he legislature has established two primary methods by which taxpayers may challenge a town's assessment or revaluation of their property. . . . The second method of challenging an assessment or revaluation is by way of § 12-119. . . . (Section) 12-119 allows a taxpayer one year to bring a claim that the tax was imposed by a town that had no authority to tax the subject property, or that the assessment was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of [the real] property. . . ." (Internal quotation marks omitted.)Interlude Inc. v. Skurat, 253 Conn. 532, 537, ___ A.2d ___ (2000) "The second category consists of claims that assessments are (a) manifestly excessive and (b) . . . could not have been arrived at except by disregarding the provisions of statutes for determining the valuation of the property." (Internal quotation marks omitted.) Id., 533. "As a substantive matter, therefore, the taxpayer bears a (heavy] burden under CT Page 12079 § 12-119 . . . and must establish something more egregious than mere overvaluation in order to prevail under § 12-119." Sears, Roebuck Co. v. Board of Tax Review, 241 Conn. 749, 762, 699 A.2d 31 (1997).
Certification of a class action is governed by the requirements of Practice Book § 9-7, which provides, "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
All these requirements must be met in order to certify a class. SeeArduini v. Automobile Ins. Co of Hartford, Connecticut 23 Conn. App. 585,533-39, 533 A.2d 152 (1990). If these requirements are met, then the court must consider Practice Book § 9-3, which provides, "[a]n action may be maintained as a class action if the prerequisites of Section § 9-7 are satisfied and the judicial authority finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."
"The plaintiffs bear the burden of establishing that all requirements of these Practice Book Sections are met . . . Ward v. New Haven, Superior Court, judicial district of New Haven, Housing Session, Docket No. 083948 (December 4, 1990, Verteffeuille, J.) (3 Conn.L.Rptr. 71, 72); seeWalsh v. National Safety Associates, Inc., 44 Conn. Sup. 569, 570-71,695 A.2d 1095 (1996). The court "has broad discretion in determining whether a suit should proceed as a class action." Marr v. WMXTechnologies, Inc., 244 Conn. 676, 630, 711 A.2d 700 (1998). "[T]he requirements of the rule are to be given a liberal construction."Campbell v. New Milford Board of Education, 36 Conn. Sup. 357, 360,423 A.2d 900 (1980) "In making this determination, most courts have held that the probability of success on the merits is irrelevant and should not be considered." Id.
The leading treatise on class actions states, "(the rule], governing class actions, is a procedural rule, not a matter of substantive law. This obvious underlying principle is important, because whether a class action is proper does not depend on the merits of the litigation. There will almost invariably be disputed questions of fact or law on the merits." 1 H. Newberg A. Conte, Class Actions, (2d Ed. 1985) § 7.27, p. 23. "Because these requirements are substantially similar to the CT Page 12080 requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure,[2] we look to federal case law as an aid to our construction of these requirements." Arduini v. Automobile Ins. Co. ofHartford, Connecticut, supra, 23 Conn. App. 539.
 A. NUMEROSITY
"There is no mechanical test for determining whether in a particular case the class is so numerous that joinder of all members is impracticable." Campbell v. New Milford Board of Education, supra,36 Conn. Sup. 360. "The issue is one for the court to be resolved in light of the facts and circumstances of the case." Id., 361. "Courts consider the number of parties involved, the expediency of joinder and the inconvenience of trying individual suits when making this determination. . . . A numerical yardstick is not determinant — the test is whether the numbers make joinder impracticable. . . ." (Internal quotation marks omitted.) Caserta v. Parker, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 363275 (February 23, 2000, Skolnick, J.). The court will also consider judicial economy, the ability of class members to institute individual suits; see Ward v. NewHaven, supra, 3 Conn.L.Rptr. 72; and geographical dispersion of class members. See Wood-Smith v. Diserio Martin, O'Connor Castiglioni,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 104493 (April 29, 1991, Ryan, J.) (6 C.S.C.R. 493, 494).
The plaintiff argues it can demonstrate that the proposed class size consists of approximately 2500 property owners in the Heritage Village Complex. The plaintiff argues that the precise number and identity of the class plaintiffs are easily determined by the Southbury grand lists for 1995, and 1996. The defendant argues that it would be highly unmanageable for the court to hear testimony concerning the predominate issue of the fair market value of thirteen different style units in twenty-four separate condominium complexes totaling 2530 different units.
In the present case, the proposed class consists of approximately 2500 property owners on the Southbury grand lists in 1995, and 199G. The court finds that the reasonable estimate of approximately 2500 class members is undisputed and is so numerous that joinder of all-members would be impracticable. See, cf., Albert Brothers, Inc. v. Waterbury, 195 Conn. 43,50, 435 A.2d 1289 (1985) (class action consisting of approximately 2500 commercial and industrial properties.) The court finds that a proposed class of approximately 2500 property owners based on the Southbury grand list of 1995, and 1996 satisfies the numerosity requirement.
 B. COMMONALITY CT Page 12081
"The requirement of commonality does not require a complete identity of legal and factual issues among all class members. . . . It only requires that some common questions exist, not that they predominate . . . Thus, the mere fact that there may be factual differences is not fatal to class certification . . . so that where the question of basic liability can be readily established by common issues the case, is appropriate for a class action. . . . The fact that there may have to be an individual examination on the issue of damages has never been held to bar certification of a class. . . ." (Citations omitted; internal quotation marks omitted.) Campbell v. New Milford Board of Education, supra,36 Conn. Sup. 362. "In short, commonality is satisfied where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." (Internal quotation marks omitted.) Marr v. WMXTechnologies, Inc., supra, 244 Conn. 682.
The third amended complaint alleges that the following common questions of law and fact predominate over any questions affecting individual members: (1) whether the defendant violated the rights of the members of the plaintiffs' class by the illegal and invalid establishment of the grand list for 1995; (2) whether the members of the plaintiffs' class are bearing a disproportionate share of the tax burden in that other taxpayers in Southbury are being assessed for less than 70 percent of the fair market value of their properties; (3) whether the defendant violated the rights of the members of the plaintiffs' class by not separately and individually assessing each unit but instead establishing a single assessment for each type of model unit and then applying that assessment to all similar types of model units notwithstanding significant variations in actual value between units of the same model type; (4) whether the defendant violated the rights of the members of the plaintiffs' class by establishing and using a single assessment for each type of model unit that was manifestly excessive for individual units of the same model type; (5) whether the defendant violated the rights of the members of the plaintiffs' class by not physically observing or inspecting the exterior of their properties when the last revaluation occurred.
The plaintiffs argue that the issue common to all of the proposed class members is the illegal revaluation procedures used by the defendant, resulting in high property assessments for the Heritage Village residents. The plaintiffs concede that the actual amount of the over assessment levied by the defendant may vary among taxpayers. The plaintiffs argue, however, that the central issue is whether the defendant employed an improper methodology in assigning a single assessment value of all Heritage Village units of a given type, rather than evaluating and assessing each unit individually as required by General Statutes § CT Page 1208212-62.[3]
The defendant argues that there are no questions of law or fact common to the class. The defendant sets forth several arguments on the issue of commonality, which focus on whether the units were physically inspected, whether improvements to a unit were made and the differences between the thirteen styles of condominium units.
In Tibbetts v. Greenwich, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153184 (February 14, 1997,D'Andrea, J.) (19 Conn.L.Rptr. 165), the court considered the commonality requirement in a class action brought pursuant to General Statutes § 12-119. The defendants in Tibbetts also argued that "each taxpayer's property will have to be examined individually in order to determine if the assessment is manifestly excessive. . . ." Id. The court found that "the fact that there may have to be an individual examination on the issue of damages has never been held to bar certification of a class. . . . If the calculation of damages will not bar class certification, then neither should the less complex comparison of assessment value and market value." (Internal quotation marks omitted; Citations omitted.) Id., 165-66. The court found that the case focused on improper assessment methodology, not high individual assessments. See id., 66. "The issue of a disputed assessment method is more compatible with a class action than an aggregate of individual disputes concerning allegedly unfair assessments." Id.
The present case is brought pursuant to General Statutes § 12-119, challenging the tax assessment as illegal and manifestly excessive. The court finds that the question of whether the defendant employed a methodology that was illegal and excessive is common to the entire proposed class regardless of the individual difference among varying condominium types. Moreover, the plaintiff has removed allegations requiring individual physical inspections from the operative complaint. The court finds that these factual differences are not fatal to class certification. See Campbell v. Milford, supra, 23 Conn. Sup. 362. Accordingly, the court finds that common questions of law and fact exist among all class members.
 C. TYPICALITY
"The principles governing the determination as to whether the claims or defenses of the representative party are typical of the claims or defenses of the class are quite similar to those discussed in connection with the requirement of commonality. . . . Thus, the requirement of typicality is satisfied when the claim of the representative party arises out of the same event or practice or course of conduct that gives rise to CT Page 12083 the claims of the class members and is based on the same legal or remedial theory." (Citation omitted; internal quotation marks omitted.)Campbell v. New Milford Board of Education, supra, 36 Conn. Sup. 365. "Any claims and defenses available to the representative parties will be available to other members of the class." Governors Grove CondominiumAssn., Inc v. Hill Development Corp., 35 Conn. Sup. 199, 202, 404 A.2d 131
(1979).
"The presence of minor factual variations is immaterial." Ward v.Haven, supra, 3 Conn.L.Rptr. 72, citing Campbell v. New Milford Boardof Education, supra, 36 Conn. Sup. 365. "Differences in the amount of damages do not make a representative's claims atypical." Crowley v.Banking Center, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 237594 (March 6, 1992, Katz, J.) (6 Conn.L.Rptr. 134, 135).
The plaintiff argues that the claims of the proposed class members arise out of the same instances of illegal conduct by the town of Southbury. Further, that the defendant's contract with the assessor included a separate provision that specifically excluded most of the Heritage Village condominium units from the requirement for individual appraisals. The plaintiff argues that the assessments levied against the proposed class members were based on a mass appraisal approach, where the assessor applied a single "central tendency" value to all units of a given type, based on recent unit sales within the complex. Accordingly, the plaintiff argues that the claims of the proposed class arise out of the same practice by the defendant that the typicality requirement is therefore satisfied.
The defendant argues that since each of the more than thirteen style condominium units were assessed differently, the plaintiff's claims are not typical of the entire class. Further, since the plaintiffs assert that each condominium unit must be separately and physically inspected on the interior of the unit for valuation and assessment purposes, the claims of the proposed class are not typical and are antagonistic to the entire class.
In the present case, the plaintiff has removed allegations that the assessor was required to conduct physical interior inspections. Rather, the plaintiffs' claim that General Statutes § 12-62b requires that the appraiser review pertinent market information with respect to individual units, including factors such as age, wear and tear and location within the complex. The court finds that because the named plaintiffs are residents of the Heritage Village Complex and their claim arises out of the same event or practice or course of conduct that gives rise to the claims of the class members, i.e. that the assessor employed CT Page 12084 an illegal and manifestly excessive valuation, their claims are typical of the proposed class and are based on the same legal or remedial theory. See Campbell v. New Milford Board of Education, supra,36 Conn. Sup. 365. Accordingly, the court finds that the typicality requirement is satisfied.
 D. ADEQUACY OF REPRESENTATION
"`A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the . . . court.'"Fetterman v. University of Connecticut, 41 Conn. Sup. 141, 143,559 A.2d 246 (1988), quoting Sosna v. Iowa, 419 U.S. 393, 403,95 S.Ct. 553,421 L.Ed.2d 531 (1975). "A class action may not be maintained by a putative representative who is not a member of the class. . . ." Id., quoting Hernandez v. Gray, 530 F.2d 858, 859 (10th Cir. 1976).
"In deciding whether representative plaintiffs will fairly and adequately protect the interests of the proposed class, the court should consider whether counsel is competent and diligent, whether the action is a collusive suit, and whether there are any antagonistic or conflicting claims between the representative plaintiffs and members of the proposed class." Governors Grove Condominium Assn., Inc. v. Hill DevelopmentCorp., supra, 35 Conn. Sup. 202. "In the end, the question whether named plaintiffs are adequate class representatives is one committed to the sound discretion of the . . . court." Malchman v. Davis, 761 F.2d 893,899 (2d Cir. 1985); County of Suffolk v. Long Island Lighting Co.,710 F. Sup. 1407, 1413 (E.D.N.Y. 1989)
"[The] requirement [of adequacy of representation] is the most important because it involves due process considerations. Since the absent class members will be conclusively bound by the judgment, the court must ensure that their interests are adequately represented."Campbell v. New Milford Board of Education, supra, 36 Conn. Sup. 366-67. "This requires the representative to have so substantial a stake in the outcome of the litigation that he assures the court that he will `put up a real fight.'" Id., 367, quoting Barrett v. Southern Connecticut GasCo., 172 Conn. 362, 373, 374 A.2d 1051 (1977).
The plaintiffs argue that the Heritage Village residents have already formed a "Tax Appeal Club" to disseminate information regarding the present action. Counsel for the plaintiffs are in regular communication with the officers of the club and have met with club members to hear and address individual concerns. The defendant argues that the representative parties will not fairly and adequately protect the interests of the class. The defendant argues that three named plaintiffs cannot adequately represent the interests of owners of thirteen different styled units. CT Page 12085 Further, the defendant argues that other unit owners may not wish to be bound by a judgment which is based on the burden of proof of establishing that the valuation was manifestly excessive.
The court finds that the representative plaintiffs will fairly and adequately protect the interests of the proposed class, because counsel is competent and there are no antagonistic or conflicting claims between the representative plaintiffs and members of the proposed class. SeeGovernors Grove Condominium Assn., Inc. v. Hill Development Corp.,
supra, 35 Conn. Sup. 202. As discussed above, the common question among the class is the whether the assessment was illegal and manifestly excessive. The court finds that the due process considerations are satisfied because the representative parties are residents of the condominium complex and have a substantial stake in the outcome of the litigation. The court finds that unit owners who do not wish to be bound by the judgment may opt out of the class when notice is given. SeeCaserta v. Parker, supra. Accordingly, the court finds that the representative parties will adequately represent the interests of the class.
 E. COMMON QUESTIONS PREDOMINATE
Practice Book § 9-8 requires that the common questions of law or fact predominate over individual issues. "Unlike the requirement of Practice Book, 1978, § 87(2) [now Practice Book (1988 Rev.) § 9-8], that common issues exist, this requirement involves the stricter standard that the common issues predominate over the individual issues. SeeWilensky v. Olympic Airways, S.A., 73 F.R.D. 473, 477 (E.D. Pa. [1977]). . . . The key to the requirement, however, is that the common issues predominate, not that they be dispositive of the action; In re SugarIndustry Antitrust Litigation, 73 F.R. D. 322, 345 (E.D. Pa. [1976]); so that the fact that some individual issues may remain after the common issues are resolved is unimportant. Dolgow v. Anderson, 43 F.R.D. 472,490 (E.D.N.Y. [1968]), rev'd, 438 F.2d 825 (2d Cir. [1970])." (Citation omitted; emphasis in original.) Campbell v. New Milford Board ofEducation, supra, 36 Conn. Sup. 368. "When common questions represent a significant aspect of a case so that they can be resolved for all class members in a single suit, predominance exists." Walsh v. National SafetyAssociates, Inc., 44 Conn. Sup. 569, 588-89, 695 A.2d 1095 (1996).
The plaintiffs argue that the single predominate issue is whether the assessment methodology employed by the assessor was improper and illegal. Further, the amount of any resulting over-assessment is secondary and will be addressed only if the assessment methodology is found to be improper. In this case, predominance exists because the common question of the assessment methodology is the single issue that CT Page 12086 can be resolved for all class members in this single suit. See id. Accordingly, the court finds that the predominance element is satisfied.
 F. SUPERIORITY
The court must determine whether a class action is superior to other available methods of adjudication. See Practice Book § 9-8. "In determining whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy, the court must initially consider what other procedures, if any, exist for disposing of the dispute." Campbell v. New Milford Board of Education,
supra 36 Conn. Sup. 369. "Where . . . common issues predominate and parties are numerous, the superiority of a class action over individual suits is obvious and has been recognized by the courts." Id., 370.
"Some of the reasons for such superiority include the following: (1) the economic injuries to some of the proposed class members may be too minuscule to justify the commencement of independent actions by those members; (2) the proliferation of lawsuits that might otherwise result will be minimized by class action; (3) duplicative efforts by the judiciary and the litigants can be eliminated by use of a class action; (4) a class action will obviate the need for duplicative litigation expenses and attorney's fees; (5) if a class is certified, the defendant will be relieved from the burden of defending numerous lawsuits in diverse geographical locations; and (6) resolution of the disputes in a single action will avoid inconsistent judicial decisions." Crowley v.Banking Center, supra, 6 Conn.L.Rptr. 137. The court finds that the certification of the approximately 2500 taxpayers and property owners would prevent the proliferation of individual lawsuits. Moreover, the court finds that the certification of the proposed class will avoid inconsistent judicial decisions. Accordingly, the court finds that a class action is the superior method to adjudicate plaintiffs' claims.
The plaintiffs have satisfied their burden of establishing that this case meets all the requirements governing class certification. The proposed class is certified as: All persons who are taxpayers who own property in the Heritage Village condominium complex in Southbury, Connecticut, as set forth in on the grand list of October 1, 1995, and October 1, 1996. Accordingly, the plaintiffs' motion for class certification is granted.
So ordered. September 28, 2000
BY THE COURT
HOLZBERG, J. CT Page 12087